CRANSTON PRINT WORKS *vs.* RODNEY F. DYER *et als.*

A plea to a bill in equity which does not meet the issues raised by the bill, or set up any defence in bar of the equity of the bill, is insufficient.

Hence, where a bill was brought to rectify a mistake in drawing a deed and a mortgage should they be construed to pass the title to a portion of a dam and certain water rights, a plea which, after setting out the conveyances in the complainant's chain of title, merely denies that in and by such conveyances the complainant acquired any title to that portion of the dam and the water rights in dispute, will be overruled.

BILL IN EQUITY to reform a deed and mortgage and to enjoin an action at law.

*March* 17, 1894. PER CURIAM. The bill alleges that at no time was it claimed by Rodney F. Dyer that there was any other owner of the water power derived from the Cranston Print Works Pond than the complainant and its ancestors in title until the filing of his bill in December 1891, when, for the first time, the complainant heard that he claimed to have acquired by the deed from John Dyer, dated May 21, 1893, the right to the use of at least one half of the waters of the Pocasset River and of the Cranston Print Works Pond at the dam, and to be the owner of the westerly portion of the dam, extending westerly from the centre line of the pond and including the rollingway, westerly abutment and waste gate of the dam. The bill further alleges that it was not the intention of the parties to the agreement, deed and mortgage referred to in the bill to grant any such right, but was the intention only to convey the farm of Dyer and such rights connected therewith as should permit the A. & W. Sprague Manufacturing Co. to complete its dam on the shore of the pond and to flow the farm land to the extra height contemplated by the completion of the dam; and that if the deed and mortgage shall be construed to convey any other or greater rights in the pond or dam than these, such conveyances were incorrectly drawn, through mistake, and should be reformed. The questions thus raised are, 1, the proper construction of the agreement, deed and mortgage; and, 2, if by such construction any greater rights passed

than as conceded in the bill, were the deed and mortgage incorrectly drawn through mistake as alleged.

These being the questions at issue, the plea seems to us clearly insufficient, since it does not answer these issues, nor set up any defence in bar of the equity of the bill, but after setting forth the conveyances in the complainant's chain of title to its portion of the estate, merely denies that in and by these conveyances it took any title in and to the portion of the dam, pond and water rights in dispute.

The plea must, therefore, be overruled.

*James M. Ripley & Joseph C. Ely,* for complainant.
*C. Frank Parkhurst,* for respondents.